# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3334

_____

Roberta Norfleet,

        Appellant,

v.

Larry G. Massanari,[1] Acting
Commissioner of Social Security,

        Appellee.

\* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the Western
District of Missouri.

[UNPUBLISHED]

_____

Submitted: June 7, 2001
Filed: June 15, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Roberta Norfleet appeals the district court's[2] order affirming the Commissioner's decision to deny supplemental security income benefits. Norfleet alleged disability

_____

[1]Larry G. Massanari has been appointed to serve as Acting Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c)(2).

[2]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

since January 1984 from back pain. After a careful review of the record, see Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (standard of review), we affirm.

Norfleet first argues the administrative law judge (ALJ) improperly analyzed her mental impairment, and ignored evidence that her pain was psychological in origin. We reject this argument, because the record shows that the ALJ complied with the process for evaluating mental impairments, as described in the applicable regulations. See 20 C.F.R. § 416.920a (2001) (evaluation of mental impairment); Gowell, 242 F.3d at 795 n.2, 796, 798 (court will not disturb decision of ALJ who considers, but for good cause expressly discredits, claimant's complaints of disabling pain, even in cases involving psychogenic symptoms resembling those of physical disease; disability finding is disfavored where claimant presents no evidence of ongoing counseling or psychiatric treatment, or change in mental capabilities); Smith v. Shalala, 987 F.2d 1371, 1375 (8th Cir. 1993) (substantial evidence supported ALJ's discounting of psychiatrist's opinion that claimant suffered from disabling mental impairments where, inter alia, claimant did not allege mental impairment in disability application).

We also reject Norfleet's assertion that the ALJ's hypothetical to the vocational expert did not fully describe her limitations. See Roberts v. Apfel, 222 F.3d 466, 471 (8th Cir. 2000) (vocational expert testimony constitutes substantial evidence when testimony is based on hypothetical that captures concrete consequences of claimant's deficiencies; hypothetical is proper if it sets forth impairments accepted as true by ALJ).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.